UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,         Case No. 18-cr-20642
                                     Honorable Linda V. Parker
v.

MICHAEL THOMPSON,

        Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (ECF NO. 20)**

On September 20, 2018, Defendant Michael Thompson ("Defendant") was indicted with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (ECF No. 9.) This matter is before the Court on Defendant's Motion to Suppress, filed December 6, 2018. (ECF No. 20.) The motion has been fully briefed, and the Court dispensed with oral argument pursuant to Local Rule 7.1(f)(2).

**I.**     **Background**

On September 5, 2018, Magistrate Judge David Grand of the Eastern District of Michigan issued a search warrant on the property located at XXXX/XXXX 16th Street, Detroit, Michigan. (ECF No. 20-1 at Pg ID 25.) The affiant stated that, as

an FBI Special Agent since March 2004, he has conducted and participated in numerous investigations that have resulted in the seizure of illegal narcotics and firearms. (*Id.* at Pg ID 2–3.) The affiant believed the property located at XXXX/XXXX 16th Street contained firearms based on his personal knowledge and the personal knowledge of a confidential informant, whose information has been corroborated by surveillance and other techniques during this investigation and whose information has led to prior arrests and convictions resulting in confiscations of firearms and illegal narcotics. (*Id.* at Pg ID 12–13.) Because the informant provided previously reliable and accurate information and that information was corroborated by surveillance video, the affiant believed the informant to be credible. (*Id.* at 14–17.) Additionally, a cooperating witness provided further information concerning Defendant, which was also corroborated by physical surveillance and other techniques in the investigation. (*Id.* at Pg ID 16.) On September 6, 2018, the Federal Bureau of Investigation Violent Gang Task Force ("VGTF") executed the Search Warrant at the property at XXXX/XXXX 16th Street, Detroit, Michigan. (ECF No. 20 at Pg ID 1.)

II.     **Applicable Law & Analysis**

Generally, the Fourth Amendment of the United States Constitution requires officers to obtain a warrant prior to conducting a search. *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007). "A warrant will be upheld if the affidavit

2

provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *Id*. at 652 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In other words, "the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must be a 'nexus between the place to be searched and the evidence sought.' " *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (citation omitted). "To meet the nexus requirement, '[t]he connection between the residence and the evidence of criminal activity must be specific and concrete, not 'vague' or 'generalized.' " *United States v. Fritts*, No. 16-20554, 2016 WL 7178739 at *3 (E.D. Mich. Dec. 9, 2016) (quoting *United States v. Brown*, 828 F.3d 35, 382 (6th Cir. 2016).

A reviewing court must afford great deference to a magistrate judge's probable cause determination. *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (*en banc*); *United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993). The probable cause standard is a "practical, non-technical conception" guided by the "factual and practical considerations of everyday life." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting *Gates*, 462 U.S. at 231). "Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001) (citations omitted). "[R]eview of an affidavit and search warrant should rely

3

on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id*. The court's review, however, is limited to the four corners of the affidavit. *Frazier*, 423 F.3d at 531. As such, a magistrate judge's decision to grant a search warrant should be reversed only if it was arbitrarily exercised. *Allen*, 211 F.3d at 973; *Finch*, 998 F.2d at 352.

The Supreme Court has held that evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective generally does not need to be suppressed. *Frazier*, 423 F.3d at 533 (citing *United States v. Leon*, 468 U.S. 897, 905 (1984)). The relevant inquiry is an objective one, asking "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id*. (citing *Leon*, 468 U.S. at 922-23, n.23.) This "good faith" exception is not applicable where: 1) the issuing magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable[]"; or 4) the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *Leon*, 468 U.S. at 923 (citations omitted).

This motion turns on whether the search warrant was supported by probable cause or, alternatively, whether the officers reasonably relied on the warrant's validity. Defendant contends that the search warrant was obtained without probable cause because the information was "stale," tenuous, and it lacked specificity with regard to: (1) the description of the firearm, (2) when exactly the informant observed a weapon at the target property, and (3) the exact location and number of firearms at the target property. (ECF No. 20.) The Court is convinced, however, that the affiant sufficiently articulated facts to provide a "substantial basis" for the magistrate to believe that there was a "fair probability" that a firearm would be found at the target property.

The affiant established that on August 24, 2018, shortly before the execution of the Search Warrant: (1) Defendant brandished a firearm at an individual at the Valero gas station on Linwood Street in Detroit, (2) Defendant travelled to the target property and returned moments later with a firearm, and (3) after brandishing the firearm, Defendant returned to the target property, which was approximately three blocks away. (ECF No. 20-1.) This series of events was captured and corroborated by video surveillance, and the affiant articulated Defendant's status as a felon and his connection to the target property[1]. (*Id.*)

---

[1] Defendant was observed driving a maroon Dodge Charger, which was personally observed parked in front of the target property by an agent shortly after the events at the Valero gas station. (ECF No. 20-1.)

Therefore, the Court agrees with the Government that, standing alone, the above facts sufficiently established probable cause. The Court further concludes that these facts establish a sufficient nexus between the target property and the firearm sought by law enforcement. *See United States v. O'Conner*, No. 16-4321, 723 Fed. Appx. 302, 310 (6th Cir. Feb. 5, 2018) ("the issuing magistrate could have reasonably inferred that [defendant] was keeping the weapon either in the rented car or at the residence where the car was seen parked").

Turning to the Defendant's arguments, the Court finds that probable cause existed for a search for "any firearms" because the affidavit contained sufficient information to believe Defendant possessed a firearm, and the Defendant, a felon, was prohibited from possessing *any* firearms. *See United States v. Campbell*, 256 F.3d 381, 389 (6th Cir. 2001), *abrogated on other grounds by Begay v. United States*, 553 U.S. 137 (2008) (Because "possession of any weapon would potentially be illegal under these statutes, it was not improper for the search warrant for [defendant's] residence to cover '[a]ny and all firearms.'").

Second, the argument that the affiant's information was stale is without merit. A witness and surveillance video observed Defendant's illegal possession of a firearm only twelve days before the search warrant was obtained. The Sixth Circuit has found information not stale when searches were conducted after longer periods. *See, e.g.*, *United States v. Pritchett*, No. 00-1160, 2002 WL 1478584, 40

6

Fed. Appx. 901, 905–06 (6th Cir. July 9, 2002) ("Firearms are durable goods and might well be expected to remain in a criminal's possession for a long period of time."); *United States v. Lancaster*, No. 04-5826, 2005 WL 1799385, 145 Fed. Appx. 508, 513 (6th Cir. July 28, 2005) ("Given the durable nature of firearms and [defendant's admission to the confidential informant] that he possessed machine guns, such information is not stale for purposes of the warrant.").

Finally, the Court rejects Defendant's argument that the Search Warrant lacked probable cause because it did not identify the exact location of the target firearm. It is not required that a search warrant state the exact location of the firearm within a property. As a result, the Court concludes that the totality of the circumstances demonstrates probable cause of the firearm being stored at the property.

Given the Court's findings and resolution of the issues on the merits, whether the exclusionary rule should bar the admission of the evidence under the good-faith exception and whether Defendant demonstrated the requisite reasonable expectation of privacy to bring this motion need not be addressed. Therefore, the Court finds the Search Warrant to be based on probable cause and will deny Defendant's motion to suppress.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Suppress (ECF No. 20) is **DENIED.**

**IT IS SO ORDERED**.

                                             s/ Linda V. Parker
                                             LINDA V. PARKER
                                             U.S. DISTRICT JUDGE

Dated: June 19, 2019